IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY LEE PAUL ADAMS,<br><br>Defendant. | CR 20–27–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Gary Lee Paul Adams' Motion to Dismiss. (Doc. 19.) Adams move to dismiss the indictment under Federal Rule of Criminal Procedure 12(b). The motion is denied.

## BACKGROUND

Adams was indicted under 18 U.S.C. § 922(g)(1). (Doc. 1 at 1–2.) The Indictment alleges that "on or about June 7, 2020" Adams possessed a firearm despite "knowing he had been convicted on or about October 7, 2009 of a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Idaho[.]" (*Id.*)

Adams has two prior Idaho felony convictions. In 2009, Adams pled guilty to a felony charge of possession of methamphetamine. (Doc. 20-1.) Instead of entering judgment of conviction at that time, Idaho State District Court Judge

1

Darren B. Simpson withheld judgment but retained jurisdiction over Adams and imposed a three-year term of probation. (*Id.*) In 2010, Adams violated his probation and Judge Simpson entered judgment sentencing Adams for felony possession of methamphetamine (hereinafter "meth conviction"). (Doc. 20-2.) In 2010, Adams was also convicted after a jury trial of one count of unlawful possession of a firearm and one count of aggravated assault (hereinafter "gun conviction"). (Doc. 28-1.) In 2015, Adams successfully completed his term of probation for both of his convictions and Judge Simpson discharged his sentences in full the same day. (Docs. 20-4; 20-5.)

Once discharged, Adams hired an attorney to file a motion to reduce his felony convictions to misdemeanors in order to restore his civil rights—specifically, his right to possess firearms. (Doc. 20-6.) Adams' intent was for his motion to address both his meth and gun convictions. (Doc. 20 at 7.) However, the motion—and subsequent order granting it—are ambiguous in this regard. Adams' attorney filed the motion under case number 2009-9977—which is the gun conviction. (Doc. 20-6.) The court's order granting the motion and reducing his felony conviction to a misdemeanor "in this matter" was filed under the same case number. (Doc. 20-7.)

Despite this ambiguity, Adams now claims that he believed Judge Simpson had converted both of his prior felonies to misdemeanors and therefore fully

restored his right to possess firearms. (Doc. 20 at 7.) Since 2015, Adams has behaved accordingly, and has secured hunting licenses and gone rifle hunting every year. (*Id.*)

### DISCUSSION

Federal Rule of Criminal Procedure 12(b) allows for a pretrial motion of any defense "which the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A pretrial motion is proper when "it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (citation omitted).

Adams' motion is sparse on legal authority. Although he never specifically cites *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he seems to argue that the motion to dismiss should be granted because Adams did not know he was prohibited from possessing firearms. (*See* Doc. 20 at 7 (arguing that the motion should be granted because "Adams thought that Idaho had restored his gun rights").) This is not a legal question. Although the ambiguity surrounding Judge Simpson's order (Doc. 20-7) certainly presents a viable factual defense, as Adams recognizes, the time to raise this issue is at trial. Having failed to allege any basis on which the Court could grant a pretrial motion to dismiss, the Court denies the motion. Having so ruled, it will not consider the parties' remaining arguments.

IT IS ORDERED that the Motion (Doc. 20) is DENIED.

DATED this 2nd day of February, 2021.

_____
Dana L. Christensen, District Judge
United States District Court