IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–27–BU–DLC |
| Plaintiff, | |
| vs. | FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER |
| GARY LEE PAUL ADAMS, | |
| Defendant. | |

On September 18, 2020, Defendant Gary Lee Paul Adams was indicted on one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 2.)  On January 11, 2021, Mr. Adams waived his right to a jury trial.  (Doc. 26.)  Accordingly, on March 29, 2021, this matter proceeded to a bench trial.  (Doc. 43.)  Mr. Adams was represented by Andrew J. Nelson from the Federal Defenders of Montana and the United States was represented by Jennifer S. Clark from the United States' Attorney's Office.  (*Id.*)  Based on the following, the Court finds Mr. Adams not guilty of violating § 922(g)(1).[1]

## FINDINGS OF FACT

The following findings of fact are based on the testimony of: (1) Steven Feuerstein, Investigative Analyst with the United States' Department of Justice,

---

[1] Consequently, the Court will deny Mr. Adams' outstanding Rule 29 motion, as moot.

Bureau of Alcohol, Tobacco, Firearms and Explosives; (2) Matthew Isaacson, resident of Pocatello, Idaho; and (3) Mr. Adams, the defendant in this matter. Additionally, these findings of fact are based on all exhibits introduced at trial, including United States' Exhibits 1 through 23 and Mr. Adams' Exhibits 501, 502, 504, 505, 506, and 507.  (Docs. 45–46.)

## I.    Mr. Adams' Relevant Criminal History.

1.     On August 24, 2009, Mr. Adams pled guilty to one count of Possession of Methamphetamine, in violation of Idaho Code § 37-2732(c)(1). (United States' Exhibit 1, Doc. 46-1.)

2.     This criminal matter proceeded before the Honorable Darren B. Simpson, District Judge in the District Court of the Seventh Judicial District of Idaho and was docketed as Case No. CR-2009-1819.  (*Id.*)

3.     On October 7, 2009, Judge Simpson entered an Order of Probation in Case No. CR-2009-1819, withholding judgment in this criminal matter and instead placing Mr. Adams on probation for a period of 3 years.  (*Id.*)

4.     On May 7, 2010, Mr. Adams pled guilty to one count of Unlawful Possession of a Firearm, in violation of Idaho Code § 18-3316 (Count 1) and one count of Aggravated Assault, in violation of Idaho Code §§ 18-901(b), 18-905(a) (Count 2).  (Defendant's Exhibit 502, Doc. 45-2.)

5.     This criminal matter proceeded before the Judge Simpson and was

docketed as Case No. CR-2009-9977.  (*Id.*)

6.      For these offenses, Mr. Adams was sentenced to "a fixed and determinate period of two (2) years together with an indeterminate period of three (3) years (not less than two (2) years nor more than five (5) years)" as to Count 1 and "a fixed and determinate period of two (2) years together with an indeterminate period of three (3) years, (not less than two (2) years nor more than five (5) years)" as to Count 2, "with the court retaining jurisdiction for a period not to exceed 365 days.  (*Id.*)

7.      This sentence imposed in CR-2009-9977 was ordered to run concurrently between Counts 1 and 2 and consecutively to the sentence imposed in CR-2009-1819.  (*Id.*)

8.      On June 14, 2010, Judge Simpson revoked Mr. Adams probationary sentence in Case No. CR-2009-1819 and sentenced him to "a fixed and determinate period of one (1) year together with an indeterminate period of four (4) years, (not less than one (1) year nor more than five (5) years), with the Court retaining jurisdiction for 365 days."  (Defendant's Exhibit 501, Doc. 45-1.)

9.      On February 16, 2011, Mr. Adams "completed the term of retained jurisdiction" in CR-2009-9977 and Judge Simpson suspended the remainder of his sentence in that matter and placed Mr. Adams on probation for a period of 5 years. (Defendant's Exhibit 502, Doc. 45-2.)

3

10.     On February 18, 2011, Mr. Adams "completed the term of retained jurisdiction" in CR-2009-1819 and Judge Simpson suspended the remainder of his sentence in that matter and placed Mr. Adams on probation for a period of 5 years. (Defendant's Exhibit 501, Doc. 45-1.)

11.     On August 24, 2015, Judge Simpson entered an Order of Discharge in CR-2009-1819 discharging Mr. Adams from probation and entering the matter as a felony conviction.  (United States' Exhibit 2, Doc. 46-2.)

12.     This same day, Judge Simpson entered a nearly identical Order of Discharge in CR-2009-9977, discharging Mr. Adams from probation and entering the matter a felony conviction.  (Defendant's Exhibit 504, Doc. 45-3.)

13.     Both the Order of Discharge in CR-2009-9977 and the Order of Discharge in CR-2009-1819 list "CR-2009-1819 & CR-2009-9977" in their respective footers.  (*Id.*; United States' Exhibit 2, Doc. 46-2.)

## II.     Mr. Adams' Attempts to Restore his Gun Rights.

14.     Upon being discharged from probation in both CR-2009-9977 and CR-2009-1819, Mr. Adams contacted an attorney, Kevin C. Peterson, with the specific purpose of having his gun rights restored.

15.     Pursuant to this end, Mr. Adams tendered Mr. Peterson the sum of $300 with the understanding being that Mr. Peterson would take actions on his behalf necessary to restore his gun rights in light of his three underlying felony

convictions.

16.     Mr. Adams contact with Mr. Peterson during this representation was sporadic, but on November 24, 2015, Mr. Peterson, on Mr. Adam's behalf, filed a Motion for Application of Withheld Judgment or in the Alternative the Charge to be Reduced to Misdemeanor in CR-2009-9977.  (Defendant's Exhibit 505, Doc. 45-4.)

17.     Mr. Peterson did not file a similar motion in CR-2009-1819.

18.     At some point, Judge Simpson held a hearing on this motion, but Mr. Peterson told Mr. Adams that he was not required to attend.

19.     On January 19, 2016, Judge Simpson entered an order reducing Mr. Adam's "felony to a misdemeanor" in CR-2009-9977.  (Defendant's Exhibit 506, Doc. 45-5.)  This order does not reference Mr. Adam's conviction in CR-2009-1819.

20.     Mr. Peterson mailed Mr. Adams a copy of the order, among other documents, and confirmed that Mr. Adams right to possess firearms had been restored.

### III.     Mr. Adams' Post-Restoration Conduct and Contacts with Law Enforcement.

21.     Following receipt of the Court's January 19, 2016 order, Mr. Adams began to possess firearms again and even obtained hunting licenses from Idaho in 2016, 2017, 2018, 2019, and 2020.

22.     During this time, Mr. Adams had numerous contacts with law enforcement officials in Idaho often with firearms in his possession.  During these interactions, law enforcement often performed searches of his person and vehicles, ran records checks based on identification presented, and once even entered the serial numbers on his firearms into a database, presumably to ensure they were not stolen.

23.     During one interaction with law enforcement, the officer initially expressed concern regarding Mr. Adams' possession of a firearm due to his underlying felonies before confirming that such possession was a non-issue because a database indicated his rights had been restored.

24.     At some point following the Court's issuance of its January 19, 2016 order, Mr. Adams was contacted by a clerk from the District Court of the Seventh Judicial District of the State of Idaho, advising him that they were going to auction off a firearm of his in their possession, unless he came to retrieve it within a certain period of time.

25.     In response, Mr. Adams traveled with Matthew Isaacson to the state courthouse in Bingham County, Idaho and was permitted to retrieve the firearm at issue and take it back into his possession.

**IV.     Conduct Forming the Basis of the Indictment.**

26.     On June 7, 2020, the Gallatin County Sheriff's Office made contact

with Mr. Adams in Manhattan, Montana.  During this contact, it was discovered
that Mr. Adams' vehicle contained firearms.

27.     Due to Mr. Adams' prior felony convictions in Idaho, law
enforcement obtained a search warrant for Mr. Adams' vehicle from United States
Magistrate Judge Kathleen L. DeSoto.

28.     Upon execution of this search warrant, law enforcement located four
firearms, including: (1) a Remington, model 870, 12-gauge shotgun (S/N
RSO6992Z); (2) a Smith & Wesson, model 29, .44 magnum revolver (S/N
N343239); (3) Marlin, model 782, .22 caliber (S/N 266455196); and (4)
Remington, model 721, 270 caliber rifle (S/N 334531).  Assorted ammunition was
also located in Mr. Adams' vehicle.

29.     None of the foregoing firearms were manufactured in Montana.  (Doc.
44.)

30.     In response, on September 18, 2020, the United States obtained a
single-count Indictment charging Mr. Adams with being a prohibited person in
possession of firearm, in violation of 18 U.S.C. § 922(g)(1).

## CONCLUSIONS OF LAW

1.      In order to obtain a conviction, the United States must prove the
following elements beyond a reasonable doubt: (1) Mr. Adams knowingly
possessed firearms and ammunition; (2) such firearms and ammunition had been

shipped or transported between states; (3) at the time Mr. Adams possessed such firearms and ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time Mr. Adams possessed such firearms and ammunition, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *Rehaif v. United States*, 139 S. Ct. 2191, 2195–96 (2019); *see also* 9th Cir. Pattern Jury Instr. § 8.65A.

2.      As to the first element—Mr. Adams knowingly possessed firearms and ammunition—the United States need only prove that Mr. Adams "consciously possessed what he knew to be" firearms and ammunition. *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019).

3.      In addition, possession may be constructive, such as through placement in a defendant's vehicle in a manner sufficient "to support the inference that the defendant exercised dominion and control over the firearms." *United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir. 2001).

4.      The Court finds that the United States has proven this element beyond a reasonable doubt.  Mr. Adams was in constructive possession of the aforementioned firearms and ammunition.  The firearms and ammunition were located in a vehicle he owns and utilizes for hunting and other sporting purposes.

5.      Mr. Adams also *knowingly* possessed these firearms and ammunition.

Indeed, Mr. Adams himself admitted he was in possession of these firearms and ammunition because, as discussed below, he is an avid hunter who believed his right to possess firearms had been restored.

6.      The parties have stipulated to the satisfaction of the second element, agreeing that the four firearms at issue were not manufactured in Montana, and, therefore, were shipped or transported between states.  (Doc. 44.)

7.      As to the third element—conviction of a crime punishable by imprisonment for a term exceeding one year—this Court is directed to look to state law.  *United States v. Francisco Gutierrez*, 981 F.3d 660, 662 (9th Cir. 2020) (citing 18 U.S.C. § 921(a)(20)).

8.      Under Idaho law, the three offenses for which Mr. Adams has been convicted are all felonies.  This includes: (1) Possession of Methamphetamine, in violation of Idaho Code § 37-2732(c)(1); (2) Unlawful Possession of a Firearm, in violation of Idaho Code § 18-3316; and (3) Aggravated Assault, in violation of Idaho Code §§ 18-901(b), 18-905(a).

9.      Importantly, the restoration of a defendant's "firearm rights . . . by operation of state law" invalidates underlying state convictions "for the purposes of § 922(g)." *Gutierrez*, 971 F.3d at 662–63.

10.     As of June 7, 2020, when the offense conduct took place, Mr. Adams conviction in CR-2009-9977 had been reduced to a misdemeanor.

11.     But Mr. Adams conviction in CR-2009-1819 remained unaltered. That is, as of June 7, 2020, Mr. Adams had been convicted of a crime punishable by imprisonment for a term exceeding one year under Idaho law, by virtue of his felony conviction for Possession of Methamphetamine, in violation of Idaho Code § 37-2732(c)(1).  Accordingly, the Court finds the United States has proven the third element beyond a reasonable doubt.

12.     As to the fourth element—Mr. Adams knowledge that he was a felon—the United States must prove that Mr. Adams "knew his that his . . . prior conviction was punishable by more than one year of imprisonment."  *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020).

13.     Given the specific facts of this case, the United States must prove that Mr. Adams knew his prior three felonies had not been reduced to misdemeanors, or, more precisely, that his gun rights had not been restored by operation of Idaho law.  *See Gutierrez*, 971 F.3d at 662–663; *see also Van Der Hule v. Holder*, 759 F.3d 1043, 1046–47 (9th Cir. 2014).

14.     It is at this element that the United States' case hits a fatal snag. Specifically, the Court finds that the United States has not proven beyond a reasonable doubt that as of June 7, 2020, Mr. Adams knew he had a prior felony conviction.

15.     On the contrary, the evidence presented to this Court makes clear that

10

upon receiving confirmation from his attorney, Mr. Adams was of the belief that all three of his felony convictions had been reduced to misdemeanors and that his gun rights had been restored.

16.     And this belief was reasonable.  Indeed, having his felonies reduced to misdemeanors in order to restore his right to possess firearms was the specific purpose for which he retained an attorney in the first place.

17.     Additionally, Mr. Adams' numerous contacts with law enforcement over the several year period following Mr. Peterson's action on his behalf, confirmed rather than contradicted this belief.  The evidence establishes that since obtaining Judge Simpson's January 19, 2016 order, time and time again Mr. Adams had contact with law enforcement entities while in the possession of firearms and time and time again such law enforcement entities either endorsed, confirmed, or made no mention of his right to do so.

18.     As noted above, a court employee in Idaho even urged Mr. Adams to come to a state courthouse to retrieve a firearm in their possession before placing it in his possession when he arrived.

19.     Mr. Adams is not an attorney and this Court will not expect him to possess the level of legal knowledge necessary to parse Judge Simpson's January 19, 2016 order.  As of June 7, 2020, Mr. Adams did not know that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

11

On the contrary, his belief was that all of his prior felony convictions had been reduced to misdemeanors and that his gun rights had been restored.

20.     Based on the foregoing, the Court finds that the United States has not proven the fourth element beyond a reasonable doubt.  Accordingly, the United States has failed to prove an essential element of this § 922(g)(1) prosecution and this Court will find Mr. Adams not guilty as charged in the Indictment.

### VERDICT

After making the foregoing findings of fact and conclusions of law, the Court finds that the United States has failed to prove beyond a reasonable doubt every required element of the offense charged in the Indictment.  Accordingly, the Court finds Mr. Adams NOT GUILTY of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

### ORDER

IT IS ORDERED that Mr. Adams is adjudged NOT GUILTY as charged in Count I of the Indictment, being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

IT IS FURTHER ORDERED that in light of the foregoing adjudication, Mr. Adams' Rule 29 motion is DENIED as moot.

The Clerk of Court is directed to close the case file.

DATED this 30th day of March, 2021.

12

Dana L. Christensen, District Judge
United States District Court